Elsie Alma BECKMAN and Fred Beckman, Plaintiffs in Error,

v.

W. H. METZGER and Sylvia M. Wright, Defendants in Error.

No. 36917.

Supreme Court of Oklahoma.

June 12, 1956.

Rehearing Denied July 17, 1956.

G. R. Horner, Okmulgee, for plaintiffs in error.

Harland A. Carter, Okmulgee, for defendants in error.

DAVISON, Justice.

This is an action brought by Elsie Alma Beckman and Fred G. Beckman, as plaintiffs, against H. G. Metzger and Sylvia M. Wright, as defendants, to recover damages resulting from trespass on real property and for an injunction. The parties will be referred to as they appeared in the trial court.

The plaintiffs were brother and sister and owners in co-tenancy of a 50 x 140 foot lot in the City of Okmulgee, Oklahoma. Title to the property had first been acquired by Miss Beckman in October, 1928, and, since that time, was occupied by the plaintiffs. The front of the lot was toward the north and adjoining it on the west was another lot owned by the defendants. In 1949, the plaintiffs built a north and south fence dividing the two properties, which said fence was located between three and four feet west of the west wall of plaintiffs' home. Between the fence and the house and on north in the same line, plaintiffs, had planted evergreen shrubs and trees. On April 3, 1953, the defendants personally and by their employees, removed the fence and stacked it over on plaintiff's

property. On June 26 of the same year, they cut down the evergreen trees and shrubs. The plaintiffs brought this action on July 3, 1953 seeking to recover damages allegedly resulting from the acts of defendants in removing the fence, in subsequently cutting down the shrubbery and also in removing, in 1949, certain amounts of dirt and lateral support along the common boundary line. They also sought to enjoin the defendants "from further molesting the property of these plaintiffs."

Plaintiffs alleged in their petition that the line on which their fence had stood "was thirty five inches west at the back of said lot, or south end of said line now claimed by the defendants, and some twenty six inches in front or at the north end of said line west of the line now claimed by said defendants." They did not allege or attempt to prove that the fence was on or inside the actual west boundary of their lot as shown by the official recorded plat to which all previous conveyances had referred. They seem to found their claim of ownership of the land out to their fence upon an alleged oral agreement in 1927 between the then respective owners of the lots and the construction at that time of a fence on the agreed boundary line by defendants' remote grantor.

Plaintiff testified that the original fence was removed by the owner of defendants' lot about the year 1932 and that she built the fence, here involved, on the same location about the year 1948 (some 16 years later). In attempting to prove the oral agreement as to the location of the original fence, plaintiff offered the deposition of a former owner of defendants' lot, as to an oral agreement in 1917 (1927 was the date alleged in the petition) with a different person than was named in the petition. The trial court properly sustained objections to such testimony. At the close of all of plaintiffs' evidence the trial court sustained a demurrer to the same and rendered judgment for defendants. Plaintiffs appealed therefrom.

Confusion is encountered in a consideration of this case due principally to the attempted combination or joinder of three separate causes of action and the intermingling of testimony relative to the various essentials of each. As to the removal of dirt and lateral support, the record contains no definite evidence establishing any negligent acts on the part of the defendants in removing any dirt nor is there any evidence proving a causal connection between such alleged acts and several cracks which are now in the inside walls of plaintiffs' building. No argument is contained in plaintiffs' brief on this cause of action and apparently the same has been abandoned.

■ Although the allegedly wrongful removal of plaintiffs' fence and allegedly wrongful cutting of the trees and shrubs constituted two distinct and separate wrongs and causes of action, recovery could not be had on either unless plaintiffs first proved their right to occupy the premises up to the line of the removed fence. If the fence and trees were on defendants' property, they constituted a private nuisance and, under the provisions of 50 O.S. 1951 § 14,

"A person injured by a private nuisance may abate it by removing, or, if necessary, destroying the thing which constitutes the nuisance, without committing a breach of the peace or doing unnecessary injury."

■ Plaintiffs rely upon the rules of law and reasoning in the case of Lewis v. Smith, 187 Okl. 404, 103 P.2d 512, 513, and other similar cases heretofore decided by this court to the effect that,

"Where adjoining landowners occupy their respective premises up to a certain fence line which they mutually recognize and acquiesce in for a long period of time, usually the time prescribed by the statute of limitations, they are precluded from claiming that boundary line thus recognized and acquiesced in is not the true one."

■ The quoted rule of law is sound and is adhered to by a vast majority of the courts. However, the facts in the case now before us are not analogous. Here, there was no fence or marker nor was there an indication of acquiescence from 1932 until 1948. It was in the latter year that plaintiffs built the fence. And, about two or three years later, there was so much objection raised by the defendants that plaintiffs had their trees cut back and trimmed. The essential elements, necessary for the application of the rule contended for by plaintiffs, was contained in the following holding of the Utah Court, in the case of Nelson v. Da Rouch, 87 Utah 457, 50 P.2d 273, to wit:

"To establish boundary line by acquiescence other than true one as called for by conveyances relating legal title, claimed boundary line, varying from true one, must be open to observation marked by monuments, fences, or buildings, and knowingly acquiesced in as recognized true line for long period of time."

■ Since plaintiffs were relying upon a boundary line other than that shown by the record title, the burden of proving its establishment was upon them. The record does not disclose evidence sufficient to discharge that burden and the trial court was correct in sustaining the demurrer of defendants to the evidence.

Affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.